# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CONCETTA McCOMBS, *as personal representative of the Estate of Barry Wesley Williams*, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 2:19-cv-00605-SGC |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Presently pending is the defendant's motion seeking dismissal or, alternatively, summary judgment. (Doc. 16). The motion is fully briefed and ripe for adjudication. (Docs. 19, 20). As explained below, the motion is due to be granted, and all of the plaintiff's claims are due to be dismissed under Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure.*

## I. FACTS

This controversy concerns a dispute over proceeds from a life insurance policy. (Doc. 14). Teresa Williams was a ten-year veteran of the United States Postal Service ("USPS"). Shortly following Ms. Williams's December 21, 2015 death, her husband, Barry Wesley Williams, filed a claim for benefits under a

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 7).

policy ("the Policy") issued by Federal Employee's Group Life Insurance ("FEGLI"). (*See* Doc. 14 at 2; Doc. 19 at 1-2). The claim was denied on April 12, 2016. (Doc. 16 at 24, 46). However, Mr. Williams continued to pursue the claim with the assistance of counsel. (*See id.* at 36).

On October 24, 2016, counsel for Mr. Williams emailed the USPS to inquire about the status of the claim. (Doc. 14 at 2; Doc. 1 at 5).[2] A USPS employee responded with an email stating the claim had been sent for processing and Mr. Williams should receive the Policy proceeds within thirty days. (Doc. 1 at 5; *see* Doc. 14 at 2). Soon thereafter, Mr. Williams received a letter reiterating the same information—the claim had been sent for processing and he would receive the Policy proceeds within 30 days. (Doc. 1 at 6; *see* Doc. 14 at 2). A year later, Mr. Williams received additional correspondence stating the benefit due under the Policy was $376,500.00. (Doc. 1 at 7; *see* Doc. 14 at 2).

On April 11, 2018, Mr. Williams filed an administrative claim with the USPS, claiming: (1) it had misrepresented that benefits would be paid; and (2) he was entitled to the Policy proceeds. (Doc. 16 at 22-24). The USPS denied the administrative claim via a June 14, 2018 letter. (*Id.* at 42-43). The letter summarized the following background: (1) October 20, 2012, was Ms. Williams's

---

[2] The amended complaint cites three exhibits which are not attached to the pleading. (Doc. 14). The court assumes the plaintiff intended to attach the same three exhibits attached to the original complaint. (Doc. 1 at 5-7).

last day working for the USPS; (2) on November 2, 2013—and again on November 16, 2013—the USPS informed Ms. Williams her coverage under the Policy had lapsed and advised her she could convert the Policy to an individual policy; and (3) on December 13, 2013, the USPS sent Ms. Williams a letter stating coverage under the Policy had been terminated because she had not worked for over a year. (*Id*.). Accordingly, the letter concluded the denial of the administrative claim was proper because the Policy was not in effect when Ms. Williams died. (*Id.* at 43).

On October 8, 2018, Mr. Williams sought reconsideration of the administrative claim. (Doc. 16 at 34). The USPS denied reconsideration on October 24, 2018. (Doc. 16 at 32; *see* Doc. 14 at 2). Sadly, Mr. Williams passed away on January 7, 2019; Concetta McCombs was named personal representative of his estate shortly thereafter. (Doc. 14 at 1). In her capacity as representative of the estate, McCombs initiated the instant lawsuit on April 22, 2019, asserting claims for negligence, "breach of duty," and misrepresentation. (Doc. 1). On June 21, 2019, the government filed a motion seeking dismissal or, alternatively, summary judgment. (Doc. 4). The plaintiff responded with an amended complaint on July 25, 2019, asserting claims for negligence, "breach of duty," misrepresentation, and equitable estoppel. (Doc. 14). In response, the government filed the instant motion. (Doc. 16).

## II. STANDARD OF REVIEW

The government moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. 16 at 1). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotations omitted) (alteration incorporated).

On a Rule 12(b)(6) motion, the court may consider documents outside the pleadings without converting it to a motion for summary judgment, so long as the documents are: "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the exhibits attached to the motion to dismiss are central to the complaint because they are documents at least obliquely referenced in the complaint. The plaintiff has not questioned their

authenticity. (Doc. 19). Moreover, the documents attached to the motion to dismiss are considered here only to the extent they provide the factual landscape surrounding the claims presented in the amended complaint. In light of the circumstances discussed below, dismissal of the promissory estoppel claim would be warranted under Rule 12(b)(6) even if these documents were not considered.

Dismissal is appropriate under Rule 12(b)(1) where subject matter jurisdiction is lacking. For example, "a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists." *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010). Additionally, dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate to the extent a plaintiff asserts a claim under a statute affording no private right of action. *See Abner v. Mobile Infirmary Hosp.*, 149 F. App'x 857, 858-59 (11th Cir. 2005) (affirming dismissal because subject matter jurisdiction was lacking where statute provided no private right of action).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

> A "facial attack" on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand,

> challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.

*Id.* (alteration incorporated) (internal quotation marks and citations omitted). Here, the defendant has submitted evidence outside the pleadings to support its arguments with respect to subject matter jurisdiction. Therefore, the instant motion makes a factual attack on the amended complaint; the evidence attached to the motion will be considered. *See id.*

## III. DISCUSSION

The plaintiff's claims for negligence and misrepresentation are barred under an exception to the Federal Tort Claims Act ("FTCA") and, thus, are due to be dismissed for lack of subject matter jurisdiction. The plaintiff's claim for promissory estoppel is due to be dismissed for failure to state a claim.[3] Each conclusion is addressed in turn.

### A. The Negligence and Misrepresentation Claims are Barred

The FTCA provides a limited waiver of sovereign immunity and allows private citizens to sue the government for personal injury claims. The relevant portion of the statute provides:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury

---

[3] While the amended complaint delineates four claims, it only asserts three. "Breach of duty" is not a cognizable claim under the FTCA or Alabama law; therefore, the court will consider the breach of duty claim to be incorporated as an element of the claims for negligence and misrepresentation.

> or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, the right to sue is subject to a number of exceptions, including a bar on any "claim arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h) (the "Misrepresentation Exception"). Exceptions to the FTCA are "strictly construed in favor of the United States." *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263 (11th Cir. 2000). Where an exception applies to a claim, a court lacks jurisdiction to hear it. *Id.* at 1264.

The Misrepresentation Exception applies where "the essence of the claim involves the government's failure to use due care in obtaining and communicating information." *JBP*, 224 F.3d 1260, 1264 (11th Cir. 2000) (citing *Block v. Neal*, 460 U.S. 289, 296 (1983) ("the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies")). Whether the Misrepresentation Exception applies turns on "the substance of the claim and not the language used." *JBP*, 224 F.3d at 1264 (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975)). Thus, regardless how they are pled, any claims based on a misrepresentation will be barred by the Misrepresentation Exception. *Id.*; *United States v. Neustadt*, 366 U.S. 696, 702

7

(1961) (reversing judgment for plaintiffs where negligence claim was barred by the Misrepresentation Exception).

In *Zelaya v. United States*, 781 F.3d 1315 (11th Cir. 2015), the SEC had knowledge that Allen Stanford, a financier, was potentially perpetrating a fraud as early as 1997. Over the next seven years, the SEC conducted four investigations, all of which indicated Stanford was engaged in fraud or running a Ponzi scheme. However, the SEC did not alert Stanford's investors or the public of any of its investigations until 2009, when it began an enforcement action against him and his businesses. By that time, most of the investors' money was gone. The plaintiffs were investors who sued the government under the FTCA, claiming the SEC was negligent in failing to notify them Stanford was a fraudster. *Id*. The trial court dismissed the claims under the Misrepresentation Exception. *Id.*

On appeal, the Eleventh Circuit held the Misrepresentation Exception applies if the governmental conduct essential to an FTCA claim is encompassed by one of the torts enumerated in § 2680. *Zelaya*, 781 F. 3d at 1333. The Eleventh Circuit noted the "essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Id.* at 1334 (quoting *Block*, 460 U.S. at 296). Because the negligence claim was based on the SEC's failure to notify the public and because the claim's essence

was the communication of misinformation, the Eleventh Circuit affirmed the trial court's dismissal. *Id*.

Here, the plaintiff's claim for negligence rests on the following allegations:

> 9. On or about October 24, 2016, correspondence was received stating benefits would be received in 30 days. (See exhibit "A").
>
> 10. On or about October 31, 2017, further correspondence was received stating that the life insurance benefits would be paid in 30 days on claim #CSF7191764. (See exhibit "B").
>
> 11. Also, correspondence was received dated October 31, 2017 (after the aforementioned representations of coverage), setting out that the life benefit in this matter was $376,500.00. (See exhibit "C").
>
> 12. The above claim was denied by the USPS on or about October 24, 2018 without reference to the previous communications accepting the claim.
>
> 13. Claimant, Barry Wesley Williams, was damaged by the denial of these life insurance benefits.
>
> 14. Defendant and its employees were negligent in denying these benefits by not acting carefully and exercising due care.

(Doc 14 at 2-3). Clearly, the essence of the claim for negligence is the USPS's erroneous statements the claim would be paid. Accordingly, the negligence claim is barred by the Misrepresentation Exception. *JBP,* 224 F.3d at 1264.

Regarding the negligence claim, the plaintiff contends "one who undertakes to act, even though gratuitously, is required to act carefully and with exercise of due care and will be liable for injuries proximately caused by failure to use such care." (Doc. 19 at 3) (quoting *Neal v. Bergland*, 646 F.2d 1178 (6th Cir. 1981)).

9

The plaintiff is correct insofar as Alabama has adopted the due care standard for certain claims. *E.g. Cochran v. Keeton*, 252 So. 2d 307, 313 (Ala. 1970). However, this principle does not advance the plaintiff's negligence claim because it does not overcome the conclusion that it is barred by the Misrepresentation Exception. Accordingly, the negligence claim is due to be dismissed for lack of jurisdiction. *JBP*, 224 F.3d at 1266 (affirming dismissal for lack of jurisdiction).

Similarly, the misrepresentation claim hinges on allegations the government "misrepresented, on more than one occasion, that death benefits would be paid." (Doc. 14 at 4). This claim clearly is covered by the Misrepresentation Exception, whether the plaintiff is alleging negligent misrepresentation or willful misrepresentation; the Supreme Court has held there is no difference between these species of misrepresentation when applying the Misrepresentation Exception. *Neustadt*, 366 U.S. at 702. Accordingly, because the misrepresentation claim falls into the category of claims Congress excepted from the FTCA under the Misrepresentation Exception, it is due to be dismissed.

Finally, the plaintiff contends a court must "look to the essential act that spawned the damages, not the manner in which a plaintiff chooses to plead her claim," in order to determine whether the Misrepresentation Exception applies. (Doc. 19 at 5) (quoting *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000)). The plaintiff argues this rationale supports her contention the USPS failed

to investigate the claim properly and represented benefits would be paid under the policy. (*Id.*). However, *Metropolitan* is entirely consistent with the "essence of the claim" test described in *JBP*; the two cases use different language to describe the same test. *JBP*, 224 F.3d at 1264. The "essential act" or "essence of the claim" is not that the USPS failed to investigate. Rather it is the USPS's misrepresentation of Mr. Williams's entitlement to benefits. (Doc. 14). Accordingly, the plaintiff's claim for misrepresentation is barred.

For the foregoing reasons, the claims for negligence and misrepresentation are due to be dismissed for lack of federal subject matter jurisdiction.

### B. Failure to State a Claim for Promissory Estoppel

To survive a 12(b)(6) motion, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Meeting this standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

Alabama law defines promissory estoppel as:

> A promise which the promisor should reasonably expect to induce action or forbearance of definite and substantial character on the part of the promisee and which does induce such action or forbearance is

binding if injustice can be avoided only by enforcement of the promise.

*Branch Banking & Trust Co. v. Nichols*, 184 So. 3d 337, 347 (Ala. 2015) (quoting *Bush v. Bush*, 177 So. 2d 568, 570 (1964)). At the motion to dismiss stage, the "gravamen of the claim of promissory estoppel in Alabama is detrimental reliance." *Sykes v. Payton*, 441 F. Supp. 2d 1220, 1223 (M.D. Ala. 2006) (alteration incorporated) (quoting *Wyatt v. BellSouth, Inc*., 18 F. Supp. 2d 1324, 1326 (M.D. Ala. 1998)). In fact, promissory estoppel has been described as a "doctrine of action in reliance." *Id*. (citing *Bush*, 177 So. 2d at 570).

The amended complaint baldly alleges the plaintiff "relie[d] on this communication and Plaintiff was damaged thereto." (Doc. 14 at 5). This assertion of detrimental reliance in the amended complaint is an archetypal formulaic allegation; the plaintiff has failed to plead sufficient facts indicating she relied on any misrepresentations. In light of Alabama law regarding promissory estoppel, the plaintiff has failed to adequately plead detrimental reliance. Notably, in response to the motion to dismiss, the plaintiff has not moved to amend. Accordingly, the claim for promissory estoppel is due to be dismissed for failure to state a claim.

## IV. CONCLUSION

For all of the foregoing reasons, the defendant's motion to dismiss the amended complaint is due to be granted in its entirety, and all of the plaintiff's claims are due to be dismissed. (Doc. 16). A separate order will be entered.

**DONE** this 21st day of November, 2019.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE